IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMILY HARGRAVES,<br><br>       Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; FARMLAND RESERVES, INC.; AGRESERVES, INC.; SOONER CATTLE AND LAND, LLC; SHANNON RHODES; and KELLIE BUTHE,<br><br>       Defendants. | Case No. 24-CV-00500-SEH-MTS |

## OPINION AND ORDER

Before the Court is the Notice of Removal [ECF No. 2] filed by defendants The Church of Jesus Christ of Latter-day Saints, Farmland Reserves, Inc., and AgReserves, Inc. For the reasons stated below, the Court REMANDS this action to the District Court of Osage County, State of Oklahoma.

### I. Background

Plaintiff initiated this wrongful death case in the District Court of Osage County, State of Oklahoma, on August 15, 2024. [ECF No. 2-1]. Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 2 at 1]. Defendants assert that

Plaintiff is an Oklahoma citizen [*Id.* at 2], and that all but one of the named defendants (Sooner Cattle and Land, LLC ("SCAL")) are not Oklahoma Citizens. [*Id.* at 3–4].[1]

Defendants contend that the Court may exercise diversity jurisdiction notwithstanding the fact that SCAL is an Oklahoma citizen because Plaintiff fraudulently joined them as a party to destroy diversity. [*Id.* at 4]. Defendants note that Plaintiff says SCAL's involvement is based on Defendant AgReserves, Inc.'s ownership of it. [*Id.* at 5]. To support their fraudulent joinder argument, Defendants rely on an affidavit from Paul Allen, the Vice President/Treasurer of Defendant AgReserves, Inc. [*Id.* at 5–6]. In relevant part, Mr. Allen states the following in his affidavit:

> 4. In my capacity as Vice President/Treasurer at AgReserves, Inc., I have access to and oversight of the company's corporate records, subsidiary information, and affiliate relationships.
> 5. I have conducted a thorough review of AgReserves, Inc.'s internal corporate records and publicly available records pertaining to Sooner Cattle and Land, LLC.
> 6. Based on my review and personal knowledge, I affirm and attest that AgReserves, Inc. does not own, operate, or hold any ownership interest in Sooner Cattle and

---

[1] The Court notes that Defendants have referred to a party's "residence" rather than their "citizenship" to establish diversity jurisdiction. Identifying a party's residence is not enough; jurisdiction must be based on a party's citizenship. *See Travelers Indemnity Company of Connecticut v. Brook*, No. CIV-23-420-F, 2023 WL 3471447, at *1 (W.D. Okla. May 15, 2023) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). The Court finds remand appropriate on the fraudulent joinder issue alone, but the Court simply reminds the parties of the residence vs. citizenship issue.

> Land, LLC. Likewise, Sooner Cattle and Land, LLC does not own, operate, or hold any ownership interest in AgReserves, Inc.
> 7. There are no shared officers, directors, managers, or employees between AgReserves, Inc. and Sooner Cattle and Land, LLC.
> 8. There are no contractual relationships, joint ventures, partnerships, or other business dealings between AgReserves, Inc. and Sooner Cattle and Land, LLC.
> 9. AgReserves, Inc. does not control, and is not controlled by, Sooner Cattle and Land, LLC. The two entities operate entirely independently of one another.
> 10. My conclusions are based on a diligent investigation, including the review of corporate documents, organizational charts, and public filings with state and federal agencies.

[ECF No. 2-12]. Defendants argue that there is no possibility of Plaintiff recovering against SCAL because the affidavit demonstrates SCAL "is not owned, operated, or affiliated in any way with AgReserves." [ECF No. 2 at 6]. Defendants further contend that because "Plaintiff's allegations are factually unsupported and legally insufficient to maintain a claim against" SCAL, this defendant's "presence in this lawsuit is improper." [*Id.*].

## II. Remand

### A. Applicable Standards

Although the time for Plaintiff to file a motion to remand under 28 U.S.C. § 1447(c) has passed, the Court addresses issues of subject matter jurisdiction *sua sponte*. Federal courts have limited jurisdiction, and "district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction."

3

*City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). So even though Plaintiff has not filed a motion to remand, the Court must still examine whether it may exercise diversity jurisdiction in light of Defendants' fraudulent joinder argument.

Under the terms set out in the removal statutes, state court defendants are entitled to remove civil actions to federal court. *See generally* 28 U.S.C. § 1441 *et seq.* A defendant's removal rights under 28 U.S.C. § 1441(a) are limited to cases where "the district courts of the United States have original jurisdiction." The removing party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Jurisdictional and removal statutes are narrowly construed, there is a presumption against exercising federal jurisdiction, and cases where proper removal is doubtful should be resolved in favor of remand. *Rains v. CSAA Fire and Cas. Ins. Co.*, No. 20-CV-0400-CVE-FHM, 2020 WL 6729085, at *2 (N.D. Okla. Nov. 16, 2020) (citations omitted).

In this case, Defendants contend that the Court may exercise diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 2 at 6]. That statute provides district courts with jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). Ordinarily, the presence of one defendant with the same citizenship as one of

the plaintiffs destroys diversity, thus depriving the federal court of jurisdiction. But a defendant's removal rights "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

To establish fraudulent joinder, the removing defendant must show: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). The question of whether a plaintiff is unable to establish a cause of action for fraudulent joinder purposes is different than the standard on a motion to dismiss. *Shue v. High Pressure Transports, LLC*, No. 10–CV–0559–CVE–PJC, 2010 WL 4824560, at *7 n.2 (N.D. Okla. Nov. 22, 2010). As another judge in this district put it:

> *Twombly's* plausibility standard is inconsistent with the rules governing fraudulent joinder. *Twombly* directs federal courts to consider the "plausibility" of a claim, while the issue when determining whether a party has been fraudulently joined is whether the plaintiff has any possibility of recovery against the non-diverse party. These are distinct inquiries and the Court finds that a plaintiff's failure to allege a claim under the *Twombly* standard does not foreclose the possibility of recovery for the purpose of a fraudulent joinder analysis.

*Id*.

Establishing fraudulent joinder is a heavy burden; the removing party must show there is no possibility that the plaintiff could establish a cause of

5

action against the fraudulently joined defendant in state court. *Edwards v. USAA Cas. Ins. Co.*, No. CIV-24-193-D, 2024 WL 4471958, at *1 (W.D. Okla. Oct. 11, 2024) (citing *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.")).

"When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument." *Wedin v. Allstate Vehicle and Property Ins. Co.*, No. 23-CV-0348-CVE-SH, 2023 WL 6806995, at *3 (N.D. Okla. Oct. 16, 2023) (citing S*moot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881–82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). Although the Court will pierce the pleadings, it will not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* (quoting *Smoot*, 378 F.2d at 882). A defendant has not shown fraudulent joinder if a plaintiff could amend the complaint to cure any issues. *See Shue* 2010 WL 4824560, at *7 (N.D. Okla. Nov. 22, 2010).

**B. Discussion**

Defendants have not proved "with complete certainty," *Smoot*, 378 F.2d at 882, that Plaintiff cannot prevail against SCAL. Certainly, Defendants have provided an uncontroverted affidavit from AgReserves, Inc.'s Vice President/Treasurer who says there is no relationship between AgReserves, Inc. and SCAL. But the standard is not whether the current weight of evidence or allegations are sufficient to survive a motion to dismiss or motion for summary judgment. The Court reads Defendants' arguments as inviting the Court to conduct a motion to dismiss or summary judgment analysis, which it simply cannot do. Moreover, it is possible for Plaintiff to amend her pleading to make different allegations against the Defendants unrelated to AgReserves, Inc. For these reasons, Defendants have not sufficiently established fraudulent joinder.

### III. Conclusion

The Court hereby REMANDS this matter to the District Court of Osage County, State of Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the clerk of the state court to which this matter is remanded.

DATED this 9th day of December, 2024.

*Sara Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE